UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD KEITH CANNON, JR.,<br><br>Defendant. | No. 1:22-cr-00119-DC-CKD-1<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255<br><br>(Doc. Nos. 47, 57, 62) |

Defendant-Movant Reginald Keith Cannon, Jr., a former federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on June 12, 2024. (Doc. No. 47.) The court referred Defendant's § 2255 motion to the assigned magistrate judge on June 28, 2024. (Doc. No. 51.) On September 12, 2024, the government filed a motion to dismiss Defendant's § 2255 motion on the grounds that he waived collateral attack of his conviction and sentence, and the plea colloquy demonstrated his waiver as knowing and voluntary.[1] (Doc. No. 57.)

On April 16, 2025, the magistrate judge issued an order directing Defendant to file an opposition or statement of non-opposition to the government's motion to dismiss his § 2255 motion within thirty days. (Doc. No. 60.) Therein, Defendant was cautioned that his "[f]ailure to

---

[1] On October 15, 2024, the case was reassigned to the undersigned district judge. (Doc. No. 59.)

1

comply with this order will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.*) The service copy of that order, which was mailed to Defendant at his address of record, was returned to the court as "Undeliverable." Pursuant to Local Rule 183, Defendant was required to file a notice of his change of address with the court by no later than May 28, 2025, and he did not do so. To date, Defendant has not filed an opposition or statement of non-opposition as ordered and has not otherwise communicated with the court.

On May 20, 2025, the magistrate judge issued findings and recommendations recommending that this federal habeas action be dismissed, without prejudice, due to Defendant's failure to comply with the court's order. (Doc. No. 62.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) No objections to the pending findings and recommendations have been filed, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be denied and this federal habeas action dismissed, the court will also decline to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless he has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, Defendant has failed to make the required showing and indeed appears to have abandoned his § 2255 motion.

Accordingly:

1. The findings and recommendations issued on May 20, 2025 (Doc. No. 62) are ADOPTED in full;

2. Defendant Reginald Keith Cannon, Jr.'s motion brought pursuant to 28 U.S.C. § 2255 (Doc. No. 47) is DENIED;

3. The government's motion to dismiss Defendant's § 2255 motion (Doc. No. 57) is DENIED as having been rendered moot by this order;

4. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

5. The Clerk of the Court is directed to close this case as well as the companion civil case No. 1:24-cv-00687-DC-CKD.

IT IS SO ORDERED.

Dated:  **June 13, 2025**

Dena Coggins
United States District Judge

3